UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CALVIN JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN CO. JAIL, ALLEN CO. JAIL STAFF, and QUALITY CORRECTIONAL NURSING STAFF,<br><br>Defendants. | CAUSE NO. 1:26-CV-478-JD-AZ |

OPINION AND ORDER

Calvin Jackson, a prisoner without a lawyer, filed a vague complaint against unidentified defendants regarding his medical care at the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jackson alleges that, prior to arriving at the Allen County Jail, he was prescribed "a large quantity of medications for his various ailments and serious medical conditions[.]" ECF 1 at 4. He says these conditions range from "heart maladies to prior shattered leg bones[.]" *Id.* He also notes that he is a vegetarian, but not a vegan. *Id.*

Jackson claims that unspecified jail staff have refused to give him his medications or vegetarian meals. *Id.* He attached a medical request form to his complaint, in which he states that blood thinner medication is one of "around 10 medications" he requires. ECF 1-1. He states that he is having pain in his leg and head. *Id.* He also states that he cannot eat rice or bread because he is allergic. *Id.*

Jackson names as defendants the Allen County Jail, Allen County Jail Staff, and Quality Correctional Nursing Staff. ECF 1 at 1. He does not state a claim as to any named defendant. First, the Allen County Jail is a building – not a suable entity. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Second, Jackson cannot proceed against large groups of unidentified individuals. Allegations about an unidentified group of defendants are insufficient to state a claim under federal pleading standards. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Jackson's complaint is too vague to state a claim. The complaint is short on facts, dates, and specifics about the medical treatment he requires and the medical treatment

he has, or has not, received. He does not state why he requires vegetarian meals, or what type of meals he has received. He fails to link any specific person with a violation of his constitutional rights. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Jackson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738

(7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Jackson also filed a motion to proceed in forma pauperis, but did not include his inmate trust fund ledger detailing his transactions for the prior six months, as required by 28 U.S.C. § 1915(a)(2).

For these reasons, the court:

(1) GRANTS Calvin Jackson until **October 29, 2026**, to file an amended complaint with his ledger; and

(2) CAUTIONS Calvin Jackson if he does not respond by the deadline, he will be denied leave to proceed in forma pauperis, and this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 25, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT